[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Karla Michna, age 42, whose maiden name was Karla Nebiolo, and the defendant, George Michna, age 41, were married at Torrington, Connecticut on June 25, 1982. There are two minor children issue of the marriage, Rhianon Michna born February 14, 1986 and Raymond Michna born April 5, 1989. There is no issue concerning custody since the parties have accepted the recommendation of the family services officer by stipulation dated February 16, 1999, a copy of which is attached as Appendix A.
The marriage has broken down irretrievably. The cause of the breakdown rests with the defendant. Initially, the marriage was stable and a fairly good one. However, after the first son was born, the defendant started going out in the evening and return late. He used drugs, his behavior toward his wife changed. The defendant was disrespectful, mean, demeaning, and insulting. There was physical evidence and the issue of restraining orders against the defendant which he violated resulting in his arrest.
Mr. Michna spent money on the purchase and sale of used cars which he tried to conceal from his wife. This activity caused many problems in the marriage. During the marriage, the defendant CT Page 10055 had many jobs while the plaintiff was at all times employed. Mr. Michna ran up a large amount of credit card debt which caused a personal hardship on the marriage. This debt was consolidated by a loan guaranteed by the plaintiffs parents in the amount of $30,000.00. While he made no effort to solve the financial problems. the defendant claimed that the assistance of his wife's parents was against his wishes and caused a problem in the marriage.
All the witnesses called by the plaintiff confirmed the plaintiffs testimony concerning the defendant's treatment of his wife, Mr. Michna's response to these credible witnesses is that they all were lying. There is no question in this court's mind, but that the plaintiff and her witnesses were credible and that the defendant was not.
The parties own two houses, 107 Northridge Avenue, Torrington valued at $135,000.00 with a mortgage of $135,000.00, and 123 Lois Street, Torrington valued at $105,000.00 with a like mortgage. The defendant resides in 123 Lois Street and rents a portion of the property to his sister for $500.00 per month. The defendant received $1,200.00 from the parties joint bank account without authorization which was earmarked for mortgage payment.
The plaintiffs counsel is presently holding in escrow the sum of $4,966.00 from the State and Federal Tax refund for the calendar year 1997. There is a court order for the Wife to take $313.13 representing half of a refund for the mortgage insurance paid by the Wife between March 19, 1998 and November 1999. Further, plaintiff Wife is in possession of an insurance check payable to the defendant Husband for damage due to the jointly owned residence located at 105 Lois Street, Torrington. Connecticut in the amount of $1,657.51.
The plaintiff is employed by the Winchester Board of Education as a special education teacher earning $961.00 per week. She has a retirement fund valued at $45,000.00. Her liabilities total $38.600.00 with $20,000.00 remain on her New Britain Employees Federal Credit Unit loan taken out to cover the credit card debt incurred by the defendant.
The defendant is employed as a custodian by the Torrington Board of Education of earning $709.00 per week. In addition, he receives $500.00 per month for rent. He shows liabilities of $31,100.00 including the New Britain loan and a bill to Dr. Yosef CT Page 10056 for orthodontic treatment of the parties' children.
On February 2, 1997, the court, Wiese, J., granted a motion by the defendant to implead the sister of the plaintiff. On January 7, 1992, Raymond F. Nebiolo and Flora M. Nebiolo deeded their house to their daughters, Karen and Karla. This action was subsequent to the filing of this dissolution action on January 27, 1998. The Nebiolos had deeded the property to their daughters to insure that they would be protected if they should fail into ill health. At all times, the daughters considered the property to be that of the parents and that while they held legal title, the equitable ownership was in their parents. At the request of Mr. and Mrs. Nebiolo, Karla Michna deeded her one-half interest to her sister on January 6, 1998. This action was to insure that Mr. Michna would be unable to obtain any interest in the property.
In his third party complaint, Mr. Michna claims a one quarter interest in the property, claiming to have performed services for his in-laws. This claim is without foundation. Such manual work that the defendant may have performed would have been done by any son-in-law. This claim for a part of the Nebiolos' property is without foundation and was brought solely for the purpose of harassment. On the third party complaint, judgment shall enter in favor of Karen Kozlak.
Based upon the evidence and the provisions of General Statute § 46b-81, the court finds that the marriage has broken down irretrievably and that the following orders should enter:
1. A decree of dissolution based upon irretrievable breakdown.
2. Custody and visitation of the minor children as provided by Appendix A. The defendant shall pay child support in the amount of $192.00 per week secured by an immediate wage execution.
3. That the defendant deed his one-half interest in 107 Northridge Avenue to the plaintiff with the plaintiff holding the defendant harmless with respect to all expenses associated with the property.
4. That the plaintiff deed her one-half interest in 123 Lois Street to the defendant with the defendant holding the plaintiff CT Page 10057 harmless with respect to all expenses associated with the property.
5. The plaintiff retain as her sole property any and all retirement accounts, bank accounts and any other assert in her name alone without any claim by the defendant. The defendant retain as his own property, and all retirement accounts in his name alone, any bank accounts in his name alone and all assets in his name alone.
6. That the parties share equally the balance due on the New Britain Postal Employee Federal Credit Union loan and that each party pay toward said loan $80.00 per week until said debt is paid in full.
7. That each party pay to the other $1.00 per year as periodic alimony which shall be non-modifiable except in the event one party defaults upon any of their financial obligations resulting in the other party incurring an additional liability.
8. The defendant shall remove the personal property listed in the pendente lite order of January 19, 1999, within thirty (30) days of the judgment of dissolution. In the event the defendant failed to remove said personal property for any reason whatsoever within said thirty (30) days, the plaintiff shall be free to dispose of said property as she sees fit.
9. Per the pendente lite order of February 2, 1998, the defendant shall repay to the plaintiff, the $1,200.00 he withdrew from the joint bank account at the rate of $200.00 per month commencing August 15, 1999.
10. The defendant shall maintain a life insurance policy insuring his life in the face amount of $100,000.00 and shall name the plaintiff as irrevocable beneficiary for so long as he has an obligation to pay child support.
11. From the sum of $4,966.00 from the State and Federal Tax refund for the calendar year 1997, plaintiff to take $313.13 representing half of a refund for the mortgage insurance paid by the plaintiff between March 19, 1998 and November 1999. Further, plaintiff is in possession of an insurance check payable to the defendant for damage due to the jointly owned residence located at 105 Lois Street, Torrington, Connecticut in the amount of $1,657.51. From these funds, the amount of $5,279.13 shall be CT Page 10058 paid to the plaintiff, and the amount of $1,657.51 shall be paid to the defendant.
12. The parties shall be responsible for the payment of their liabilities as follows:
The defendant shall be responsible for the payment of the balance of the Dr. Yosef orthodontic bill incurred on behalf of the minor children; 50% of the New Britain Postal Employees Federal Credit Unit account as stated above, his Sears charge. the loan the defendant took out from the Torrington Municipal Credit Union, and any other debt in his name alone. The defendant shall indemnify and hold the plaintiff harmless thereon.
The plaintiff shall be responsible for 50% of the New Britain Postal Employee Federal Credit Union loan stated above, the joint VISA card. JC Penney card, and her loan against her annuity. The plaintiff shall indemnify and hold the defendant harmless on these debts.
13. Plaintiff is' restored to her maiden name of Karen Nebiolo. Judgment may enter accordingly.
HON. WALTER M. PICKETT, JR. JUDGE TRIAL REFEREE